The bill alleges that on 10 February, 1860, Conley Kirk, of the city of New York, being in failing circumstances, made to the plaintiff a deed of assignment of all their real and personal estate, wherever the same might be, and also all their things in action, notes and effects, in trust for certain creditors therein named; that McRae Co. were indebted to the firm of Conley Kirk in the sum of $808.61; that by the above-mentioned assignment, the right to this debt, in equity, passed to *Page 272 
the plaintiff as trustee; that, nevertheless, after the execution of the said deed, the defendant A. H. Van Bokkelen took out an attachment, returnable to the county court of New Hanover, alleging that the said firm of Conley Kirk was indebted to him in the sum of $1,500, and summoned the said McRae Co., as garnishees, to answer and say what amount they owed Conley Kirk, who accordingly answered and admitted that they were indebted to the said firm in the said sum of $808.61, and thereupon a conditional judgment was rendered against the said McRae Co., as garnishees, and the case is still pending for final judgment. The bill alleges that the indebtedness of Conley Kirk is based upon a bill due to the defendant Spencer Van Bokkelen, of New York, who assigned the same to his brother, the said Adrian, without consideration to avoid the effect of notice, which the said Spencer had of Conley Kirk's assignment to plaintiff, and likewise to enable the defendant to use fraudulently the remedy, by attachment, which is not given by law to a nonresident against a citizen of the State of North Carolina. The prayer of the bill is to restrain the said defendants from proceeding further in prosecuting the said action begun by attachment, and for general relief.
The defendant filed a general demurrer, and the plaintiff having joined in demurrer, the cause was, by consent, transmitted.
The bill is fatally defective in this: it does not set up any primary equity in aid of which an injunction is prayed (344) for, but seeks merely for an injunction restraining all further proceedings at law under the attachment, so the only object is to obtain a perpetual injunction, and then the matter is to stop. Except to stay waste and prevent some irreparable injury, the writ of injunction is only granted as ancillary or in aid of some primary equity which the plaintiffs seeks by his bill to enforce.
This matter has within two or three last years been so often before us, and has been so fully explained, that we will not again enter upon its discussion or attempt any further explanation.
PER CURIAM. Demurrer sustained and bill dismissed.
Cited: Martin v. Cook, 59 N.C. 200; Whitaker v. Bond, 62 N.C. 227. *Page 273